GARY E. SLATER (State Bar No. 99141)
TIMOTHY J. TRUXAW (State Bar No. 106428)
**SLATER & TRUXAW, LLP**
15373 Innovation Drive, Suite 210
San Diego, California 92128
(858) 675-0755   Fax (858) 675-0733
F:\Data\RE\9553\Pleadings\Objection.Trustee's.Final.Report.wpd

**Attorneys for TECHBILT CONSTRUCTION CORPORATION, Unsecured Creditor**

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. **12-02411-LT7** |
| | ) |
| | ) **OBJECTION BY TECHBILT** |
| **AUBREY, INC.,** | ) **CONSTRUCTION CORPORATION TO** |
| | ) **TRUSTEE'S FINAL REPORT AND** |
| Debtor. | ) **SUPPORTING DECLARATION OF GARY** |
| | ) **E. SLATER** |
| | ) |
| | ) DATE:       February 6, 2014 |
| | ) TIME:       10:00 a. m. |
| | ) DEPT:       Three |
| | ) |
| | ) Judge:   Honorable Laura S. Taylor |

Techbilt Construction Corporation, unsecured creditor ("Techbilt"), hereby submits its Objection to the Notice of Trustee's Final Report and Final Report (***Docket Nos. 93-94***), as follows:

### I

### <u>INTRODUCTION</u>

1.      On February 23, 2012, Aubrey, Inc., filed its voluntary petition under Chapter 7 of the United States Bankruptcy Code and Leslie T. Gladstone was appointed Chapter 7 Trustee ("Trustee").

2.      Techbilt is an unsecured creditor herein.  Techbilt was the commercial landlord for

/././

/././

1   the Debtor and Debtor's principal, Aubrey Woodroof[1], at the Debtor's premises located at 5930

2   Sea Lion Place, Suite 100, in Carlsbad, California.

3       3.      On June 19, 2012, Techbilt filed its Proof of Claim (Claim No. 20) in the sum of

4   $234,766.63 ("Techbilt Claim").

5       4.      On June 18, 2013, the Trustee filed her Objection to Claim and Notice Thereof as to

6   the Techbilt Claim *(Doc. No. 56)*, which was resolved by Stipulation and Order entered on August

7   1, 2013 *(Doc. #70)*.

8       5.      On December 2, 2013, the Trustee filed and served her Final Report *(Doc. #93)* and

9   her Notice of Trustee's Final Report ("Notice") *(Doc. #94).*  Objections thereto are due no later than

10  December 23, 2013.

11                                          **II**

12                  **THE FOCUS AND SCOPE OF THIS OBJECTION.**

13      6.      Techbilt and its counsel have carefully reviewed the Final Report.  It has concerns

14  and questions about certain Proofs of Claim that are scheduled to be allowed by the Final Report,

15  as follows[2]:

16          A.      Unsecured Claim No. 4 in the principal sum of $761,886.84, filed by Aubrey

17                  Woodroof and his wife, Nancy Woodroof;

18          B.      Unsecured Claim No. 5 in the principal sum of $600,064.82, filed by Aubrey

19                  and Nancy Woodroof; and

20          C.      Unsecured Claim No. 13B in the principal sum of $288,275.92, reduced by

21                  Order of this Court on September 9, 2013 *(Doc. #78)*, filed by Aubrey

22                  Woodroof, from the original claim amount of $300,000.92 (Claim No. 13).

23  /././

24  ————————————————

25      [1]Aubrey Woodroof was a majority stockholder in the Debtor and an employee of the

26  corporation.

27      [2]As a party-in-interest, Techbilt has the right to object to a proof of claim and/or move for
    reconsideration of one, pursuant to *Bankruptcy Rules of Procedure 3007 and 3008*, respectively.

28                                          -2-

7.     There has been insufficient time to informally obtain the information necessary to resolve Techbilt's concerns from the Trustee and/or Mr. and Mrs. Woodroof about the subject Proofs of Claim since the Notice was filed and served on December 2, 2013.[3]

8.     Techbilt has no objections to any of the requests for professional compensation made to date or as enumerated in the Final Report.

### III

### THE LEGAL GROUNDS FOR THIS OBJECTION

9.     Each of the enumerated Proofs of Claim are attached to the supporting Declaration of Gary E. Slater, appended hereto.  Each of those Proofs of Claim suffer from certain facial defects which require explanation and/or clarification to Techbilt and to this Court.   Those facial defects are as follows:

A.     **Claim No. 4 for $761,886.84:**

This claim consists of 4 written pages.  On its face, the claim refers to "5...convertible promissory notes."   However, the only documentation attached is a one-page itemization of the purported sums due and the first page of a "$25,000.00 Convertible Promissory Note." Also, the Woodroofs are referred to at page 4 of 4 of the Proof of Claim as "Investor." This notation suggests that this is a claim for equity and not an unsecured debt. The documentation attached to Claim No. 4 is inadequate to support the subject unsecured claim. Techbilt requests that the Woodroofs provide Techbilt with all documentation in its possession and/or that they provided to the Trustee in support of this Proof of Claim.

B.     **Claim No. 5 for $600,064.82:**

This claim consists of 7 written pages.  On its face, the claim refers to "5...promissory notes."  However, the only documentation attached is a two-page itemization of the

---

[3]Techbilt's counsel intends to seek the documentation and the information that is missing from the objectionable Proofs of Claim from the Trustee and/or the Woodroofs while this matter is pending the hearing.  Techbilt is hopeful that the Woodroofs will cooperate in order to avoid informal discovery herein.

*OBJECTION/DECLARATION OF TECHBILT CONSTRUCTION CORPORATION TO TRUSTEE'S FINAL REPORT*

1   purported sums due and a 3-page "Promissory Note in the sum of $240,000.00."   The

2   documentation attached to Claim No. 5 is inadequate to support the subject unsecured claim.

3   Techbilt requests that the Woodroofs provide Techbilt with all documentation in its possession

4   and/or that they provided to the Trustee  in support of this Proof of Claim.

5           C.   **Claim No. 13B for $288,275.92:**

6           This claim is the result of the Trustee's Objection which was filed in

7           response

8   to Aubrey Woodroof's Proof of Claim in the original amount of $300,000.92.[4]   Pursuant to this

9   Court's Order on Objection to Claim No. 13, entered on September 9, 2013 ***(Doc. #78)***, Mr.

10   Woodroof was allowed a priority claim in the sum of $11,725.00 for wages earned during the 180

11   days before the Debtor's business closed and an unsecured claim in the sum of $288,275.92.   A

12   copy of that Order is attached to the appended Declaration of Gary Slater. ***Techbilt takes issue with***

13   ***Mr. Woodroof's unsecured claim.***  The documentation attached to original Claim No. 13 consists

14   of an an Executive Employment Agreement, which consists of at least 6 pages.  However, only 2

15   pages are attached to the subject Proof of Claim.  In addition, a separate Employment Agreement

16   is attached to Claim No. 13, which consists of at least 12 pages.  However, only 3 pages are attached

17   to the subject Proof of Claim.   The documentation attached to Claim No. 13 is inadequate to

18   support the subject unsecured claim.  Techbilt requests that the Mr. Woodroof provide Techbilt with

19   all documentation in his possession and/or that he provided to the Trustee in support of this Proof

20   of Claim.

21         10.   Pursuant to the Trustee's Final Report, the Woodroofs stand to receive the

22   approximate, aggregate sum of $43,699.47, if each of the subject claims are allowed as enumerated

23   above. ***Given that Mr. Woodroof was an insider of the Debtor***, the scrutiny of the Woodroofs'

24   claims requested by Techbilt is proper and appropriate.

25

26       [4]Aubrey Woodroof is identified in original Claim No. 13 as a majority stockholder of the

27   Debtor and a key employee of the corporation.   He was therefore an "insider" pursuant to
Bankruptcy Code Section 101(31).

28

*OBJECTION/DECLARATION OF TECHBILT CONSTRUCTION CORPORATION TO*
*TRUSTEE'S FINAL REPORT*

1    11.    Techbilt is hopeful that the subject documentation can be obtained in order to avoid

2  formal discovery herein.  However, until the facial defects in the subject Proof of Claims are cured

3  and satisfactorily explained, the Trustee's Final Report should not be approved.

4                              Respectfully Submitted,

5                              SLATER & TRUXAW, LLP

6
   Dated: December 23, 2013            By:  /S/ Gary E. Slater
7                                      GARY E. SLATER
                                       Attorneys for Techbilt Construction Corporation,
8                                      Unsecured Creditor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    -5-
   *OBJECTION/DECLARATION OF TECHBILT CONSTRUCTION CORPORATION TO*
   *TRUSTEE'S FINAL REPORT*

## DECLARATION OF GARY E. SLATER

I, Gary E. Slater, declare:

1.      I am a partner in the firm of Slater & Truxaw, LLP, counsel for Techbilt Construction Corporation, unsecured creditor herein.  I submit this declaration in support of Techbilt's Objection to the Trustee's Final Report.

2.      I prepared Techbilt's Objection herein.   I know the contents of the Objection to be true and accurate to the best of my knowledge.  Except where stated on information and belief, which matters I believe to be true, I make this declaration based on my personal knowledge, based upon my review of the official records of the United States Bankruptcy Court respecting this case, and my familiarity with the business records of my law firm created, maintained and preserved in the regular course of its business in this matter.

3.      A true and correct copy of Unsecured Claim No. 4 in the principal sum of $761,886.84, filed by Aubrey Woodroof and his wife, Nancy Woodroof, is attached hereto as Exhibit "A";

4.      A true and correct copy of Unsecured Claim No. 5 in the principal sum of $600,064.82, filed by Aubrey and Nancy Woodroof is attached hereto as Exhibit "B."

5.      A true and correct copy of Unsecured Claim No. 13 in the principal sum of $300,275.92, filed by Aubrey Woodroof, is attached hereto as Exhibit "C."

/././

/././

/././

/././

/././

/././

/././

/././

/././

*OBJECTION/DECLARATION OF TECHBILT CONSTRUCTION CORPORATION TO TRUSTEE'S FINAL REPORT*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6.      A true and correct copy of the Court's Order on Objection to Claim No. 13, entered on September 9, 2013 (***Doc. #78***), is attached hereto as Exhibit "D."  The Order allowed Mr. Woodroof a priority claim in the sum of $11,725.00 and an unsecured claim in the sum of $288,275.92 (which is now referenced in the Trustee's Final Report as Claim No. 13B).

I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct and was executed on the below date in San Diego, California.

Dated: December 23, 2013              By:   /S/ Gary E. Slater

GARY E. SLATER, Declarant

-7-

*OBJECTION/DECLARATION OF TECHBILT CONSTRUCTION CORPORATION TO TRUSTEE'S FINAL REPORT*

B 10 (Official Form 10) (12/11)

| | | FILED<br>ENTERED<br>LODGED<br>RECEIVED |
|---|---|---|

UNITED STATES BANKRUPTCY COURT  SOUTHERN  DISTRICT OF  CALIF.

**PROOF OF CLAIM**

| Name of Debtor:<br><br>AUBREY INC. | Case Number:<br><br>12-02411-LT7 | MAY - 8 2012<br><br>CLERK, U.S. BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br>BY FM                                            DEPUTY |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

AUBREY & NANCY WOODROOF

Name and address where notices should be sent:

2905 SEGOVIA WAY
CARLSBAD, CA 92009

Telephone number:                       email:
760-632-7162        AWOODROOF@AUBREYINC.COM

Name and address where payment should be sent (if different from above):



Telephone number:                       email:

| | |
|---|---|
| | **COURT USE ONLY** |
| | ☐ Check this box if this claim amends a previously filed claim. |
| | **Court Claim Number:**_____<br>*(If known)* |
| | Filed on:_____ |
| | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**     $ 761,886.84

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** OWN 5 AI CONVERTIBLE PROMISSORY NOTES: PURCHASED
(See instruction #2) 7/30/10  8/23/10, 12/13/10, 3/8/11, 4/13/11

**3. Last four digits of any number by which creditor identifies debtor:**
___ ___ ___ ___

**3a. Debtor may have scheduled account as:**
_____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
_____
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

Amount of Secured Claim:  $_____

Amount Unsecured:  $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

WY
02411PRO

B 10 (Official Form 10) (12/11)

2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *E. AUBREY WOODROOF*
Title:
Company:
Address and telephone number (if different from notice address above):

*E. Aubrey Woodroof   May 5, 2012*
(Signature)                                      (Date)

*Nancy Woodroof   5/5/12*

Telephone number:                email:
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Five Convertible Promissory Notes
Woodroof

5/6/2012

1

**Growth Period = Time frame of growth (Years) = Date of Purchase to Feb 23, 2012**

**Interest rate 10% and compounded annually**

| Purchase Date | Purchase Amount | Growth Period Days | Growth Period Years | Principal & Interest P + I | Accrued Interest |
|---|---|---|---|---|---|
| 7/30/10 | $25,000.00 | 573 | 1.57 | $29,035.31 | $4,035.31 |
| 8/23/10 | $40,000.00 | 564 | 1.55 | $46,368.03 | $6,368.03 |
| 12/13/10 | $100,000.00 | 437 | 1.20 | $112,116.94 | $12,116.94 |
| 3/8/11 | $425,000.00 | 352 | 0.96 | $465,721.09 | $40,721.09 |
| 4/13/11 | $100,000.00 | 318 | 0.87 | $108,645.47 | $8,645.47 |
| **Totals** | **$690,000.00** | | | **$761,886.84** | **$71,886.84** |

Interest compounded annually from date of purchase up to Feb 23, 2012

**Formula:** $\underline{P + I} =$ (Purchase Amount)*(1 + 0.1)(exponent = years)

Example calculation of P + I (line 9) = ($25,000)*(1.1)(exponent = 1.57) = $29,035.31. Purchase Amount was $25,000.

**Accrued Interest** is $4,035.31 = F9 = E9 - B9

$\underline{P + I \text{ Calculator}}$ - used internet calculator - http://math.about.com/library/blcompoundinterest.htm

$\underline{P + I \text{ Calculation}}$ - also used HP 11C calculator to check internet - they agree

THE SECURITIES ISSUABLE UPON THE CONVERSION OF THIS CONVERTIBLE PROMISSORY NOTE HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "ACT"), OR ANY APPLICABLE STATE SECURITIES LAWS, AND MAY NOT BE SOLD, PLEDGED, OFFERED FOR SALE, OR OTHERWISE TRANSFERRED, PLEDGED OR HYPOTHECATED WITHOUT AN EFFECTIVE REGISTRATION THEREOF UNDER THE ACT AND ANY APPLICABLE STATE SECURITIES LAWS, OR PURSUANT TO RULE 144 OR AN EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THE ACT AND ANY APPLICABLE STATE SECURITIES LAWS.

### Aubrey, Inc.
### CONVERTIBLE PROMISSORY NOTE

$ _25,000,_____          Carlsbad, California          _7/30/10_ , 2010

For value received, **Aubrey, Inc.**, a California corporation (the "**Company**"), hereby promises to pay to _AUBREY & NANCY WOODROOF_ ("**Investor**"), or his/her/its assigns, in lawful money of the United States of America, the principal sum of $ _25,000._____ , together with interest from the date of this Note on the outstanding principal balance until payment in full at a rate of eight percent (10%) per annum, compounded annually. Interest shall be calculated on the basis of 1/365th of one year's interest multiplied by the number of days during such period.

This Note is one of several "**Notes**" that may be issued by the Company pursuant to that certain Note and Warrant Purchase Agreement by and among the Company and Investors identified therein, dated of even date herewith, as the same may from time to time be amended, modified or supplemented (the "**Purchase Agreement**"). Unless otherwise indicated herein, all capitalized terms have the respective meanings set forth in the Purchase Agreement.

The following is a statement of the rights of Investor and the conditions to which this Note is subject, and to which Investor, by the acceptance of this Note, agrees:

1.    **Definitions.**  As used in this Note, the following capitalized terms have the following meanings:

(a)    "**Change of Control**" shall mean (i) the acquisition of the Company by another entity by means of any transaction or series of related transactions (including, without limitation, any stock acquisition, reorganization, merger or consolidation but excluding any sale of stock for capital raising purposes) other than a transaction or series of transactions in which the holders of the voting securities of the Company outstanding immediately prior to such transaction continue to retain (either by such voting securities remaining outstanding or by such voting securities being converted into voting securities of the surviving entity), as a result of shares in the Company held by such holders prior to such transaction, at least fifty percent (50%) of the total voting power represented by the voting securities of the Company or such surviving entity outstanding immediately after such transaction or series of transactions; (ii) a sale, lease or other conveyance of all or substantially all of the assets of the Company; or (iii) the commencement of any liquidation, dissolution or winding up of the Company, whether voluntary

July 27, 2010

B 10 (Official Form 10) (12/11)

UNITED STATES BANKRUPTCY COURT    SOUTHERN DISTRICT OF CALIF.

| Name of Debtor: AUBREY INC | Case Number: 12-02411-LT7 |
|---|---|

FILED
ENTERED
LODGED
RECEIVED

PROOF OF CLAIM

MAY - 8 2012

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY FM                              DEPUTY

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

AUBREY & NANCY WOODROOF

Name and address where notices should be sent:

2905 SEGOVIA WAY
CARLSBAD, CA 92009

Telephone number: 760-682-7162    email: AWOODROOF@AUBREYINC.COM

Name and address where payment should be sent (if different from above):

Telephone number:    email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:    $ 600,064.82

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: OWN 5 PROMISSORY NOTES: PURCHASED 1/21/10, 3/24/10,
(See instruction #2)    4/15/10, 12/13/10, 5/13/11

| 3. Last four digits of any number by which creditor identifies debtor: ____ ____ ____ ____ | 3a. Debtor may have scheduled account as: _____ (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ (See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐Fixed  or  ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim:    $_____

Amount Unsecured:    $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

0241/prv 2

2

B 10 (Official Form 10) (12/11)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor,  ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)  or their authorized agent.  (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: E. AUBREY WOODROOF ↑
Title:  NANCY WOODROOF
Company:
Address and telephone number (if different from notice address above):

*E. Aubrey Woodroof*    May 4 2012
(Signature)    (Date)

*Nancy Woodroof*   5/4/12

Telephone number:                        email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

1

**Five Loans to Aubrey Inc**
**by Woodroof**

Last interest payment (Principal was $550,000) from AI was $4,375 on May 21/2011
Interest rate 10% per year; Late fee is 5% of interest due
Next payment due is April 21, 2011
Period of unpaid interest is May 21, 2011 to Feb 23, 2012
Monthly calculations were made one month after May 21, 2011 up to Feb 21, 2012

| Purchase Date | Purchase Amount (Principal) | 21-May-11 Interest Paid |
| --- | --- | --- |
| 1/21/10 | $240,000.00 | |
| 3/24/10 | $100,000.00 | |
| 4/15/10 | $110,000.00 | |
| 12/13/10 | $50,000.00 | |
| 5/13/11 | $50,000.00 | |
| Totals | $550,000.00 | $4,375.00 |

**21-May-11 through 21-Sep-11**

| Loan | 21-May Int due | Late 5% | 21-May New Principal | 21-Jun Int due | Late 5% | 21-Jun New Principal | 21-Jul Int due | Late 5% | 21-Jul New Principal | 21-Aug Int due | Late 5% | 21-Aug New Principal | 21-Sep Int due | Late 5% | 21-Sep New Principal |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | $2,000.00 | $100.00 | $242,100.00 | $2,017.50 | $100.88 | $244,218.38 | $2,035.15 | $101.76 | $246,355.29 | $2,052.96 | $102.65 | $248,510.89 | $2,070.92 | $103.55 | $250,685.36 |
| 2 | $833.33 | $41.67 | $100,875.00 | $840.63 | $42.03 | $101,757.66 | $847.98 | $42.40 | $102,648.04 | $855.40 | $42.77 | $103,546.21 | $862.89 | $43.14 | $104,452.24 |
| 3 | $916.67 | $45.83 | $110,962.50 | $924.69 | $46.23 | $111,933.42 | $932.78 | $46.64 | $112,912.84 | $940.94 | $47.05 | $113,900.83 | $949.17 | $47.46 | $114,897.46 |
| 4 | $416.67 | $20.83 | $50,437.50 | $420.31 | $21.02 | $50,878.83 | $423.99 | $21.20 | $51,324.02 | $427.70 | $21.39 | $51,773.10 | $431.44 | $21.57 | $52,226.12 |
| 5 | $416.67 | $20.83 | $50,437.50 | $420.31 | $21.02 | $50,878.83 | $423.99 | $21.20 | $51,324.02 | $427.70 | $21.39 | $51,773.10 | $431.44 | $21.57 | $52,226.12 |
| Totals | $4,583.33 | $229.17 | $554,812.50 | $4,623.44 | $231.17 | $559,667.11 | $4,663.89 | $233.19 | $564,564.20 | $4,704.70 | $235.24 | $569,504.13 | $4,745.87 | $237.29 | $574,487.29 |

**21-Oct-11 through 21-Feb-12**

| Loan | 21-Oct Int due | Late 5% | 21-Oct New Principal | 21-Nov Int due | Late 5% | 21-Nov New Principal | 21-Dec Int due | Late 5% | 21-Dec New Principal | 21-Jan Int due | Late 5% | 21-Jan New Principal | 21-Feb Int due | Late 5% | 21-Feb New Principal |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | $2,089.04 | $104.45 | $252,878.86 | $2,107.32 | $105.37 | $255,091.55 | $2,125.76 | $106.29 | $257,323.60 | $2,144.36 | $107.22 | $259,575.18 | $2,163.13 | $108.16 | $261,846.47 |
| 2 | $870.44 | $43.52 | $105,366.19 | $878.05 | $43.90 | $106,288.15 | $885.73 | $44.29 | $107,218.17 | $893.48 | $44.67 | $108,156.33 | $901.30 | $45.07 | $109,102.69 |
| 3 | $957.48 | $47.87 | $115,902.81 | $965.86 | $48.29 | $116,916.96 | $974.31 | $48.72 | $117,939.98 | $982.83 | $49.14 | $118,971.96 | $991.43 | $49.57 | $120,012.96 |
| 4 | $435.22 | $21.76 | $52,683.10 | $439.03 | $21.95 | $53,144.07 | $442.87 | $22.14 | $53,609.08 | $446.74 | $22.34 | $54,078.16 | $450.65 | $22.53 | $54,551.35 |
| 5 | $435.22 | $21.76 | $52,683.10 | $439.03 | $21.95 | $53,144.07 | $442.87 | $22.14 | $53,609.08 | $446.74 | $22.34 | $54,078.16 | $450.65 | $22.53 | $54,551.35 |
| Totals | $4,787.39 | $239.37 | $579,514.06 | $4,829.28 | $241.46 | $584,584.81 | $4,871.54 | $243.58 | $589,699.92 | $4,914.17 | $245.71 | $594,859.80 | $4,957.16 | $247.86 | $600,064.82 |



Case 12-02411-LT7   Claim 5-1   Filed 05/08/12   Desc Main Document   Pg. 4 of 4

2

Five Loans to Aubrey Inc
by Woodroof

**Calculations:**
Interest due = (0.1/12)*Principal
Late penalty (5%) = (interest due)*(0.05)
New Principal = previous principal (last month) + interest due + late penalty

| 21-Nov-11 Interest due | 10 day Late Fee - 5% | 21-Jul-11 New Principal | 10 day Late Fee - 5% | 21-Nov-11 New Principal |
|---|---|---|---|---|
| $2,107.32 | $101.76 | $246,355.29 | $105.37 | $255,091.55 |
| $878.05 | $42.40 | $102,648.04 | $43.90 | $106,288.15 |
| $965.86 | $46.64 | $112,912.84 | $48.29 | $116,916.96 |
| $439.03 | $21.20 | $51,324.02 | $21.95 | $53,144.07 |
| $439.03 | $21.20 | $51,324.02 | $21.95 | $53,144.07 |
| $4,829.28 | $233.19 | $564,564.20 | $241.46 | $584,584.81 |

## PROMISSORY NOTE

$240,000                    CARLSBAD, CALIFORNIA                    January 21, 2010

Aubrey, Inc., a California corporation ("Maker") promises to pay to Aubrey & Nancy Woodroof ("Holder"), the principal sum of Two Hundred and Forty Thousand Dollars ($240,000), plus interest at the rate of Ten percent (10%) per annum commencing on the date first written above (the "Effective Date"), payable as set forth below:

1.    Payments of Interest and Principal; Maturity.    Accrued interest under this Promissory Note (this "Note") shall be due and payable monthly in arrears commencing on the first (1st) day of the first calendar month following the Effective Date (all interest payments shall be applicable to the preceding month or portion thereof) and continuing on the first (1st) day of each month thereafter until this Note is paid in full. Any unpaid interest under this Note shall be added to the principal of this Note as of the date such interest would have been due and payable had Maker paid one hundred percent (100%) of all such interest on the then-current principal balance monthly in arrears, and thereafter shall be subject to interest at the rate of Ten percent (10%) per annum. All unpaid principal and all unpaid and accrued interest under this Note shall be due and payable in full on the date which is Thirty-Six (36) months following the Effective Date (the "Maturity Date").

1.2.    Balloon Notice.    MAKER ACKNOWLEDGES AND UNDERSTANDS THAT THE OUTSTANDING PRINCIPAL AMOUNT OF THIS NOTE, PLUS ALL ACCRUED BUT UNPAID INTEREST THEREON, SHALL BE DUE AND PAYABLE TO HOLDER ON THE MATURITY DATE.    MAKER FURTHER UNDERSTANDS AND ACKNOWLEDGES THAT THIS NOTE DOES NOT PROVIDE FOR FULL AMORTIZATION OF THE PRINCIPAL BALANCE, AND THEREFORE, UPON THE MATURITY DATE, A BALLOON PAYMENT OF PRINCIPAL AND ACCRUED AND UNPAID INTEREST WILL BE REQUIRED.    MAKER ALSO ACKNOWLEDGES THAT UNPAID INTEREST SHALL BE ADDED TO PRINCIPAL AND SHALL THEREAFTER BEAR INTEREST ON A COMPOUNDED BASIS.

1.3.    Application.    All payments on this Note shall be applied at any time and from time to time in the following order: (i) the payment or reimbursement of any expenses (including but not limited to late charges), costs or obligations (other than the principal hereof and interest hereon) for which Maker shall be obligated or Holder entitled pursuant to the provisions of this Note; (ii) the payment of accrued but unpaid interest on this Note; and (iii) the payment of all or any portion of the principal balance then outstanding hereunder, in either the direct or inverse order of maturity, at Lender's option. Borrower hereby waives any rights and benefits that may arise under or by virtue of California Civil Code Section 2822(a).

2.    Manner of Payments.    All payments by Maker under this Note shall be (a) made in lawful money of the United States of America without set off, deduction or counterclaim of any kind whatsoever; (b) credited as provided in Section 1.3 above; and (c) deemed paid by Maker upon their actual receipt by Holder.

3.    Late Charge.    If any payment of interest and/or principal under this Note is not received in full by Holder within ten (10) days after such payment is due then, Maker shall immediately pay to Holder an additional five percent (5%) of such overdue amount as a late

- 1 -

charge. Such late charge is fair and reasonable based upon the facts and circumstances existing as of the date of this Note. Acceptance of such late charge by Holder shall not constitute a waiver of Maker's default with respect to such overdue amount, nor prevent Holder from exercising any of the other rights and remedies available to Holder under this Note.

4.    Security.  This Note is not secured, unless mutually agreed by Maker and Holder in writing on or after the Effective Date.

5.    Acceleration.  All unpaid principal and accrued and unpaid interest under this Note shall, at Holder's election, be immediately due and payable upon the occurrence of any of the following events all of which shall constitute a default hereunder:

5.1.    If any interest due under this Note is not received by Holder within five (5) days after its due date;

5.2.    If Maker fails to pay the entire outstanding principal balance hereunder, together with accrued and unpaid interest, on the date when due, whether on the Maturity Date, or upon acceleration, or prepayment, or otherwise; or

5.3.    The making by Maker of any general arrangement or assignment for the benefit of creditors; the Maker becoming bankrupt, insolvent or a "debtor" as defined in 11 U.S.C. Section 101, or any successor statute (unless, in the case of a petition involuntarily filed against the Maker, as applicable, such petition is dismissed within sixty (60) calendar days after its original filing); the appointing of a trustee or receiver to take possession of substantially all of the Maker's assets (unless possession is restored within sixty (60) calendar days); or the attachment, execution or judicial seizure of substantially all of the Maker's assets (unless the same is discharged within sixty (60) calendar days).

6.    Prepayment.  This Note may be prepaid in whole or in part at any time without penalty.  Any such prepayment shall be applied in the same manner as provided in Section 1.3.

7.    Waivers of Presentment, etc.  Maker waives presentment, demand, protest, notice of demand and dishonor.  Any waiver of a default or provision under this Note must be in writing.  No such waiver constitutes a waiver of any other default or provision concerning the same or any other provision of this Note.  No delay or omission by a party in the exercise of any of its rights or remedies constitutes a waiver of (or otherwise impairs) such right or remedy.  A consent to or approval of an act does not waive or render unnecessary the consent to or approval of any other or subsequent act.

8.    Commercial Purposes.  Maker acknowledges that the loan evidenced by this Note is obtained for business or commercial purposes and that the proceeds of such loan will not be used primarily for personal, family, household or agricultural purposes.

9.    Governing Law.  This Note is governed by and construed in accordance with the laws of the State of California, irrespective of California's choice-of-law principles.

10.    Venue and Jurisdiction.  All actions and proceedings arising in connection with this Note must be tried and litigated exclusively in the State and Federal courts located in the County of San Diego, State of California, which courts have personal jurisdiction and venue over

- 2 -

each of the parties to this Note for the purpose of adjudicating all matters arising out of or related to this Note.

      11.    <u>Time of Essence</u>.  Time and strict and punctual performance are of the essence with respect to each provision of this Note.

      12.    <u>Attorney's Fees</u>.  The prevailing party in any litigation, arbitration, mediation, bankruptcy, insolvency or other proceeding ("Proceeding") relating to the enforcement or interpretation of this Note may recover from the unsuccessful party all costs, expenses, and reasonable attorney's fees (including expert witness and other consultants' fees and costs) relating to or arising out of (a) the Proceeding (whether or not the Proceeding proceeds to judgment), and (b) any post-judgment or post-award proceeding including, without limitation, one to enforce or collect any judgment or award resulting from the Proceeding.  All such judgments and awards shall contain a specific provision for the recovery of all such subsequently incurred costs, expenses, and actual attorney's fees.

      13.    <u>Partial Invalidity</u>.  Each provision of this Note is valid and enforceable to the fullest extent permitted by law.  If any provision of this Note (or the application of such provision to any person or circumstance) is or becomes invalid or unenforceable, the remainder of this Note, and the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, are not affected by such invalidity or unenforceability.

      14.    <u>Waiver</u>.  Any waiver of a default or provision under this Note must be in writing.  No such waiver constitutes a waiver of any other default or provision concerning the same or any other provision of this Note.  No delay or omission by a party in the exercise of any of its rights or remedies constitutes a waiver of (or otherwise impairs) such right or remedy.  A consent to or approval of an act does not waive or render unnecessary the consent to or approval of any other or subsequent act.

Aubrey, Inc., a California corporation

By: _____
Its: Stephen Moss, President

Aubrey & Nancy Woodroof

By: _____
Aubrey Woodroof

By: _____
Nancy Woodroof

- 3 -

B 10 (Official Form 10) (12/11)

| | | FILED |
| | | ENTERED |
| | | LODGED |
| | | RECEIVED |

**UNITED STATES BANKRUPTCY COURT** SOUTHERN **DISTRICT OF** CALIF.

**PROOF OF CLAIM**

| Name of Debtor: AUBREY INC. | Case Number: 12-02411-LT7 |

MAY 24 2012

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY BC                                          DEPUTY

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
AUBREY WOODROOF

Name and address where notices should be sent:
2905 SEGOVIA WAY
CARLSBAD, CA 92009

Telephone number: 760-632-7162    email: aWOODROOF@AUBREYSINC.COM

Name and address where payment should be sent (if different from above):

Telephone number:                    email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:**    $ 300,000.92

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** UNPAID SALARY AND PTO
(See instruction #2)    "    "    = $293,076.92 · PTO = $6,924

| 3. Last four digits of any number by which creditor identifies debtor: __ __ __ __ | 3a. Debtor may have scheduled account as: _____ (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ (See instruction #3b) |

4. **Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim:    $_____

Amount Unsecured:    $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$ 11,725

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

02411/007

B 10 (Official Form 10) (12/11)                                                                                                                    2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  AUBREY WOODROOF
Title:
Company:
Address and telephone number (if different from notice address above):

*(Signature)*  E. Aubrey Woodroof     May 22, 2012  *(Date)*

Telephone number:                           email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## Aubrey Woodroof

| | |
|---|---|
| **From:** | Stephen Moss [stephen@stephenwmoss.com] |
| **Sent:** | Tuesday, May 22, 2012 11:52 AM |
| **To:** | Aubrey Woodroof |
| **Cc:** | Scott Moote; Nancy Woodroof |
| **Subject:** | Re: No luck w/ phone, questions |

Aubrey:

Deferred Compensation:

*Handwritten: Tot = $300,000.92*

- 2009: Total $60,000 (July through December)*
- 2010 - Part 1: Total $60,000 (January through June)*
- 2010 - Part 2: (Salary = $240,000/year, Collected = $60,000/year, Deficit = $180,000/year) Total = $90,000 (July through December)
- 2011: (Salary = $240,000/year, Collected = $60,000/year, Deficit = $180,000/year) Total = $83,076.92 for 24 weeks (through June 17th)
- Grand Total: $293,076.92

I believe the contract that you renegotiated with the new board became effective 7/1/09 at $240,000/year but you collected $120,000/year, creating a $10,000/month deficit, but I do not have record of what your salary was during that period. The books show $60,000 deferred for the 2nd half of 2009 and $60,000 deferred for the 1st half of 2010, which seems to coincide with these numbers.

Steve

On May 21, 2012, at 3:24 PM, Stephen Moss wrote:

Aubrey:

PTO: Per Katey's records, you capped out your 240 hours (6 weeks) of vacation on 2/6/11 and were not charged any vacation days from that point forward. At an hourly rate rounded to $28.85 for your collected $60,000/year, the books show $6,924 as due and payable.

I am working on the deferred compensation totals.

Steve

On May 20, 2012, at 6:30 PM, Aubrey Woodroof wrote:

No problem

Thanks

1

## EXECUTIVE EMPLOYMENT AGREEMENT

### 1.    Introduction

This Agreement ("Agreement"), is made and entered into as of ___January 15___, 2008 between Aubrey Woodroof, PH.D. ("Woodroof") and AUBREY INC., a California corporation ("Aubrey").  Aubrey is in the business of research, development and manufacturing of wound care management products, commonly known as AWBRANE.  Woodroof is the inventor of AWBRANE, the founder of Aubrey, Inc. and currently its chief stockholder.

### 2.    Purpose

Aubrey desires to employ Woodroof as its Chief Executive Officer and President. In return for the acceptance of said employment, Woodroof's compensation shall be $20,000 per month for 2008, $22,000 per month for 2009 and $25,000 per month for 2010.  Additionally, Woodroof will be entitled to reasonable business expenses, health insurance and performance stock options as noted below.

### 3.    Noncompetition

Woodroof agrees that while he is employed by Aubrey, and for a period of three (3) years thereafter (collectively, the "Term"), Woodroof shall not:

a.      Acquire any financial interest in or perform services for (as an employee, consultant, officer, director, independent contractor, principal, agent or otherwise) any business that would require Woodroof to use or disclose any Confidential Information, or perform services (as an employee, consultant, officer, director, independent contractor, principal, agent or otherwise,) that are similar to Woodroof's current duties or responsibilities for any person or entity that,

1

### 18.    Amendment

This Agreement may be modified, changed or amended only in writing, and such writing must be signed by both parties.

### 19.    Counterparts

The parties may execute this Agreement in counterparts, each of which shall be considered an original, and all of which shall constitute the same document.

IN WITHNESS WHEREOF, the parties have executed this Agreement as of the day and year first written above in Section 1.

Agreed to this ___15th___ day of ___JAN.___, ___ 2008.

_____
EMPLOYEE

_____
AUBREY WOODROOF
CEO, AUBREY, INC.

6

# EMPLOYMENT AGREEMENT

This Employment Agreement entered into by and between Aubrey Inc. a California Corporation ("Company"), and Aubrey Woodroof, PhD. ("Executive") is effective as of the 1st_day of July,2009 (the "Effective Date").

## *RECITALS*

WHEREAS, the Company is engaged primarily in the business of Research, Development and Manufacturing of would care management products, commonly known as AWBAT. (the "Business").

WHEREAS, the Company desires to extend employment of Executive as of the Effective Date and the Executive desires to extend employment with the Company on the terms and conditions set forth below;

WHEREAS, in connection with such employment, the Board of Directors of Aubrey Inc. has determined that it is in the best interests of Aubrey Inc. and its stockholders to assure that Aubrey Inc. will have the continued dedication of Executive despite the possibility or occurrence of a Change of Control (as defined below) of Company.

WHEREAS, in consideration of the Founders Stock that executive was permitted to purchase as described in Section 3.3 of this Agreement, Executive has agreed not to compete with the Company in accordance with the provisions of Section 11 of this Agreement.

WHEREAS, Aubrey Woodroof is the inventor of the AWBAT product lines, the founder of Aubrey Inc., and currently the leading stock holder.

## *AGREEMENT*

NOW, THEREFORE, in consideration of the mutual promises, terms, covenants, and conditions set forth herein and the performance of each, it is hereby agreed as follows:

1.   *Definitions*.

1.1   *Change of Control Period*. The "Change of Control Period" is the period commencing on the date of a Change of Control and ending on the (2nd) anniversary of such date.

1.2   *Change of Control.* For the purpose of this Agreement, a "Change of Control" shall mean:

(a) *Change of Control*. A "Change in Control" shall mean a change in control of a nature that would be required to be reported in response to Item 6(e) of Schedule 14A of

2.   _**Employment and Duties**_.

   2.1   _**Employment; Term of Employment**_. The Company hereby employs Executive and the Executive hereby agrees to such employment with Company for a period of three years. The term of this Agreement shall continue until such time as the employment of Executive is terminated pursuant to Section 6 below.

   2.2   _**Duties**_. The Executive's specific position shall be as the Chief Executive Officer of the Company. The duties and responsibilities of Executive shall include the duties and responsibilities for implementing the corporate strategy, operational guidance towards achieving the Company's financial goals, for directing the R&D development of new products plus associated Intellectual Property capital acquisition as well as investor, medical and regulatory relations. In addition, from time to time in effect and such other duties and responsibilities as the Board of Company may from time to time reasonably assign to the Executive, in all cases to be consistent with the Company's Policies and Procedures plus State and National regulations governing the Company's internal and external business activities. Executive covenants to perform Executive's employment duties in good faith and to the best of his ability.

   2.3   _**Exclusive Services**_. Executive's entire business time, attention, energies, skills, learning and best efforts shall be devoted to the business of Company; provided, however, that this Section 2.3 shall not be construed as preventing Executive from participating in social, civic or professional associations or engaging in passive outside investment activities which may require a limited portion of time and effort to manage, consistent with Company's policies and procedures and so long as such activities do not interfere with the performance of Executive's duties nor compete, in any way, with the products or services offered by or through Company.

3.   _**Compensation**_. For all services rendered by Executive during the Employment Period, Company shall compensate Executive as follows:

   3.1   _**Base Salary**_. For all services to be rendered by the Executive pursuant to this Agreement, the Company agrees to pay the Executive a salary (the "Base Salary") at an annual rate of $240,000 or $20,000 per month.   During the Employment Period, the Base Salary shall be reviewed at least annually and if increased at any time shall be substantially consistent with increases in base salary awarded in the ordinary course of business to other key executives of [Company] and its subsidiaries. Any increase in Base Salary shall not serve to limit or reduce any other obligation to Executive under this Agreement. Base Salary shall not be reduced after any such increase. For the purpose of salary increases, the Compensation Committee shall review the final audited results of the Company's most recent fiscal year, with a first review in the second quarter of fiscal 2010.  Any salary increase recommended by the Compensation Committee and approved by the Board of Directors shall be effective the first of the month following the annual review.

4

By: _____

Robert J. Dominici
Chairman Compensation
Committee

Date: 7/1/09

Executive: _____

Aubrey Woodroof

Date: 7/1/09

12

CSD 1001A [11/15/04]

Name, Address, Telephone No. & I.D. No.

Leslie T. Gladstone, Trustee (SBN 144615)
Financial Law Group
401 Via Del Norte
La Jolla, CA 92037
Telephone (858) 454-9887
Facsimile (858) 454-9596

Order Entered on
September 9, 2013
by Clerk U.S. Bankruptcy Court
Southern District of California

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

AUBREY, INC.,

Debtor.

BANKRUPTCY NO. 12-02411-LT7

Date of Hearing: n/a
Time of Hearing: n/a
Name of Judge: Laura S. Taylor

## ORDER ON

## OBJECTION TO CLAIM NUMBER 13 OF AUBREY WOODROOF

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through __2__ with exhibits, if any, for a total of __2__ pages, is granted. Motion/Application Docket Entry No. ___63___

//

//

//

//

//

//

DATED:   September 9, 2013

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

Financial Law Group
(Firm name)

By: /s/ Leslie T. Gladstone, Trustee
Attorney for ☐ Movant ☐ Respondent

Judge, United States Bankruptcy Court

CSD 1001A

CSD 1001A [11/15/04] (Page 2)
ORDER ON  OBJECTION TO CLAIM NUMBER 13 OF AUBREY WOODROOF
DEBTOR: AUBREY, INC.,                                                CASE NO: 12-02411-LT7

On or about July 31, 2013, Leslie T. Gladstone (the "Trustee") filed and served her objection to claim number 13 filed by
Aubrey Woodroof in the amount of $300,000.92.  The Trustee objected to the claim in the amount of $300,000.92 as claimant
was entitled to a priority claim in the total amount of $$11,725.00 for wages earned during the 180 days before the Debtor's
business closed. 11 U.S.C. §507(a)(4).  The Trustee intends to treat the remaining $288,275.92 of claimant's claim as
an general unsecured claim.  No opposition has been received to the Trustee's objection and the deadline has passed.  Based
on the foregoing and good cause appearing therefore,

 IT IS HEREBY ORDERED as follows,

1. Claim number 13 filed by Aubrey Woodroof is allowed as priority in the amount of $11,725.00, and unsecured in the
   amount of $288,275.92.

 IT IS SO ORDERED.

CSD 1001A

Signed by Judge Laura Stuart Taylor September 9, 2013